UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA SAMOY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:18-cv-538-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 16 & 17. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. 　Background

Plaintiff filed an application for SSI, alleging that she had been disabled since November 1, 2000. Administrative Record ("AR") at 206-27. Her application was denied initially and upon reconsideration. *Id.* at 105-10, 114-19. Thereafter, a hearing was held before administrative law judge ("ALJ") Timothy S. Snelling. *Id.* at 50-82. Plaintiff was represented by counsel at the hearing, at which she testified. *Id.*

1

On June 27, 2016, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id.* at 39-45. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since September 20, 2013, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following medically severe combinations of impairments: hypertension, diabetes mellitus, hypothyroidism, placement of a spinal shunt, chronic liver disease, a history of polysubstance abuse and alcohol abuse, internal derangement right shoulder, and cervical spine stenosis and spondylosis (20 CFR 416.920(c)).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally, 10 pounds frequently, sit 6 hours and stand and walk 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs, stoop, crouch, kneel, and crawl, but the claimant cannot climb ladders, ropes, or scaffolds. In addition, she can perform no more than frequent reaching in all directions overhead with the right upper extremity, and the claimant must avoid concentrated exposure to temperature extremes, vibration, and hazards such as "dangerous and unprotected" moving machinery, heights and bodies of water, etc. (20 CFR 416 416.967(b)).

\* \* \*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1969 and was 43 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant could perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 30, 2013, the date the application was filed (20 CFR 416.920(g)).

AR at 41-45.

Plaintiff's request for Appeals Council review was denied on January 12, 2018, leaving the ALJ's decision as Commissioner's final decision. *Id.* at 1-7.

/////

/////

/////

II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. Discussion

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons for rejecting her subjective complaints. ECF No. 16 at 6-9.

In evaluating a plaintiff's testimony regarding subjective pain or symptoms, an ALJ must follow a two-step analysis. First, they must determine whether the plaintiff has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). At the first step, "the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). "If the

claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection." *Id.* "[F]or the ALJ to reject the claimant's complaints, the ALJ must provide specific, cogent reasons for the disbelief." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (internal quotations and quotation marks omitted); *see Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017) (once a plaintiff submits medical evidence of an impairment that could reasonably be expected to produce the alleged symptoms, "the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.").

Plaintiff testified that she experiences backpain between her shoulder blades that constantly radiates down her right arm and occasionally down her left arm. AR 56-57. She also reported having no feeling on the right side of her body, which limits her ability to use her right upper extremity. *Id*. at 58, 69-70. She stated that she did not exercise because she feels fatigued "all the time." *Id*. at 59. She also stated that she could only walk about half a city block before getting tired. *Id*. at 64. In an exertion questionnaire, plaintiff reported that she could lift and carry no more than five to ten pounds but could only lift that amount of weight two times per day. *Id*. at 246.

In his decision, the ALJ concluded plaintiff's impairments could reasonably be expected to cause her alleged symptoms. *Id*. at 44. But he ultimately concluded that the alleged intensity and limiting effect was not entirely consistent with evidence in the record. *Id*. With respect to plaintiff's diabetes, hypertension, and hypothyroidism, the ALJ observed that treatment records reflected that these impairments were controlled with medication and were uncomplicated. *Id*. As for complaints of right shoulder pain, the ALJ found that plaintiff's allegations were inconsistent with the medical evidence of record. *Id*. Specifically, the ALJ noted that plaintiff's "physical examinations showed generally normal findings with full motor strength in all extremities" and that treatment records did not reflect complaints of right shoulder pain until February 2016. *Id*.

/////

5

The ALJ's finding that plaintiff's diabetes, hypertension, and hypothyroidism were controlled by medication, when taken, is supported by the medical evidence of record. *Id*. at 288 (plaintiff reported symptoms are fairly controlled), 331 ("dm/htn/thyroid – stable with meds"), 340 (same), 352-53 (diabetes controlled with diet and oral medication; blood pressure "not at goal," but plaintiff was not taking medication), 355-59 (diabetes is uncomplicated and controlled with diet and medication; hypothyroidism uncontrolled but plaintiff not compliant with medication); 361-65 (hypertension and diabetes stable). Accordingly, it was permissible for the ALJ to discount plaintiff's allegations regarding the limiting effect of these impairments. *See Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

However, the ALJ's sole reason for discounting plaintiff's allegation of severe shoulder pain—that it was not supported by medical evidence—was not a sufficient basis for rejecting plaintiff's allegations. As a threshold matter, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (The ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.").

But more significantly, the purported inconsistency is based on the ALJ's lay interpretation of the medical evidence. The ALJ correctly noted that treatment records prior to 2016 failed to document issues with plaintiff's right shoulder. But treatment records from February 2016 document complaints of right shoulder pain and examination revealed tenderness and moderately reduced range of motion. AR 384-88. As observed by the ALJ, plaintiff's physician ordered an MRI, which showed marked deformity to the right shoulder with absence of the humeral head, flattening of the glenoid, marked joint effusion with multiple intra-articular loose bodies of various soft tissues, abnormal signal within remnant humeral shaft, and diffuse atrophy of all rotator cuff muscles. *Id*. at 392.

The MRI results were not reviewed by the two physicians who provided opinions regarding plaintiff's functional limitations.[2]  Nevertheless, the ALJ concluded, based on his own review, that the MRI results were consistent with the ability to "frequently reach[] in any direction, as well as overhead reaching with the right upper extremity . . . ."  AR 44.  The ALJ is not a medical expert and is "simply not qualified to interpret raw medical data in functional terms . . . ."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *see Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ should not make his "own exploration and assessment as to claimant's physical condition."); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").  Instead, the ALJ was required to retain a medical expert to evaluate this evidence.  Because he failed to do so, his RFC determination is not supported by substantial evidence.

Accordingly, the matter must be remanded to allow for proper consideration of the medical evidence.  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in the plaintiff's favor and close this case.

DATED: September 25, 2019.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The only medical opinion evidence in the record is from two non-examining physicians. Neither physician opined that plaintiff was limited in her ability to reach. AR 88-90, 98-100. But both opinions were provided in 2014, well before the MRI was performed. *Id.*